```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


AARON M. GRAY,

            Plaintiff,

    vs.                              Civil Action 2:08-CV-251
                                     Judge Watson
                                     Magistrate Judge King
RICK ROSE, et al.,

            Defendants.
```

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. §1983, alleging that his constitutional rights were violated when, while detained in the Muskingum County Jail, he was tasered by Muskingum County Deputy Sheriffs without justification. Plaintiff also alleges that defendant Whitacre, who is not otherwise identified, conspired with the Muskingum County Prosecutor to coerce plaintiff into dismissing a civil complaint filed by him.  This matter is before the Court on the motion to dismiss filed on behalf of defendant City of Zanesville.  Doc. No. 12.  Plaintiff has responded to the motion. Doc. No. 21.

On a motion to dismiss under the provisions of F.R. Civ.P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).  Under general pleading standards, the facts alleged in the complaint need not be detailed, although "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (alteration in original.)

Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Id.,* the Court must focus on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. *Scheuer v. Rhodes,* 416 U.S. at 236. The Court will grant a motion to dismiss under Rule 12(b)(6) if the complaint is without merit because of the absence of either facts or law to support a claim of the type made, or if, on the face of the complaint, there appears an insurmountable bar to relief. *See generally Rauch v. Day & Night Manufacturing Corp.,* 576 F.2d 697, 702 (6th Cir. 1978).

The complaint in this action contains no factual allegations whatsoever against either the defendant city or its employees or agents. The motion to dismiss, Doc. No. 12, is therefore meritorious.

It is therefore **RECOMMENDED** that the motion to dismiss, Doc. No. 12, be **GRANTED** and that plaintiff's motion in opposition, Doc. No. 21, be **DENIED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed

within ten (10) days after being served with a copy thereof.  F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


July 1, 2008                                       *s/Norah McCann King*
                                                   Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge